UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                                                  Case No. 17-cr-113-pp

PABLO HIDALGO-SANCHEZ,

    Defendant.

**ORDER COMPLYING WITH CANON 3(a)(4) OF THE CODE OF CONDUCT FOR UNITED STATES JUDGES**

On October 28, 2019, the court received a letter from defendant Pablo Hidalgo-Sanchez, along with several attachments. Dkt. No. 613.

Canon 3(a)(4) of the Code of Conduct for United States Judges (the ethics rules that apply to federal judges) says that, with certain exceptions, a judge should not "permit, or consider ex parte communications or consider other communications concerning a pending . . . matter that are made outside the presences of the parties or their lawyers." The Canon also says that if a judge receives "an unauthorized ex parte communication bearing on the substance of the matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties to respond, if requested." (*Ex parte* means "by one party," or "for one side." Because a judge is neutral, and does not take sides in a lawsuit, the rules prohibit a judge from communicating with one side, or considering communications from one side, without the other parties being present.)

Defendant Hidalgo-Sanchez's letter is a communication bearing on the substance of the matter. By this order, the court is notifying the parties of that communication. If any party wishes to respond, that party may do so.

The court notes that the defendant asked the court to grant two motions that he says his lawyer did not submit to the court, and he provided the court with a copy of the two motions. Dkt. No. 613 at 1; 613-1 at 4, 9. The defendant is mistaken; his lawyer *did* file those motions. His lawyer filed the motion to dismiss or, in the alternative, to adjourn the trial and authorize funding for interpretation of intercepted calls, on March 1, 2019. Dkt. No. 367. Magistrate Judge Jones recommended that this court deny the motion. Dkt. No. 383. The defendant's lawyer filed his objection to the magistrate judge's recommendation on April 2, 2019. Dkt. No. 386. The defendant's lawyer filed other motions, too. He filed a motion for recusal or severance on May 15, 2019 (dkt. no. 489), and Judge Stadtmueller granted the motion to recuse on May 15, 2019 (dkt. no. 493). After the pretrial conference, the defendant's lawyer filed a motion to sever the defendant's trial from the trial of co-defendants Gomez and Williams. Dkt. No. 602. This court denied that motion on October 24, 2019. Dkt. No. 608.

The court also notes that under Federal Rule of Criminal Procedure 43, a defendant's presence is not required during a court hearing if the hearing is for a status or scheduling conference or to decide a question of law. A defendant has the right to be present, and must be present, at his trial.

The defendant's trial is scheduled to begin on Monday, November 4, 2019. The court will see the defendant and his lawyer at that time, along with the prosecutor, the other defendants and their attorneys. Because the ethics rules prohibit judges from having *ex parte* communications with parties, and because the defendant has a lawyer representing him, the court will take no further action on the defendant's letter.

Dated in Milwaukee, Wisconsin this 29th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**